**UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| NERIDA POSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| COLLECTCORP CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

NERIDA POSEY (Plaintiff), through her attorneys, KROHN & MOSS, LTD., alleges the following against COLLECTCORP CORPORATION, (Defendant):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).
2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**JURISDICTION AND VENUE**

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."
4. Defendant conducts business in the State of Illinois, and therefore, personal jurisdiction is established.
5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.
6. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

7. Plaintiff is a natural person residing in Chicago, Cook County, Illinois.

8. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

10. Defendant is a business located in Phoenix, Arizona.

11. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

12. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

13. Defendant calls Plaintiff on her work phone at 708-598-2605.

14. Defendant calls Plaintiff from the following number: 866-251-2396 and from "blocked" numbers.

15. Defendant calls Plaintiff and hangs up without leaving a voicemail message.

16. Defendant calls Plaintiff and fails to provide meaningful disclosure of the caller's identity

17. Defendant calls Plaintiff and fails to disclose that the call is from a debt collector

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

18. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with

the collection of a debt.

b. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

c. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity.

d. Defendant violated *§1692e(10)* of the FDCPA by using false and deceptive means in the attempt to collect an alleged debt because Defendant calls Plaintiff from "blocked" numbers.

e. Defendant violated *§1692e(10)* of the FDCPA by using false and deceptive means in the attempt to collect an alleged debt because Defendant calls Plaintiff and hangs up without leaving a voicemail message.

f. Defendant violated *§1692e(10)* of the FDCPA by using false and deceptive means in the attempt to collect an alleged debt because Defendant calls Plaintiff and fails to provide meaningful disclosure of the caller's identity.

g. Defendant violated *§1692e(10)* of the FDCPA by using false and deceptive means in the attempt to collect an alleged debt because Defendant calls Plaintiff and fails to disclose that the call is from a debt collector.

h. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the call is from a debt collector.

19. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit A).

WHEREFORE, Plaintiff, NERIDA POSEY, respectfully requests judgment be entered against Defendant, COLLECTCORP CORPORATION for the following:

20. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,
21. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,
22. Actual damages,
23. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*
24. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By:__/s/ Adam J. Krohn__________
[ ]Adam Krohn
Attorneys for Plaintiff
Krohn & Moss, Ltd.
120 W. Madison Street
10th Floor
Chicago, IL 60602

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, NERIDA POSEY, demands a jury trial in this case.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ILLINOIS

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, NERIDA POSEY, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

7/15/09
Date

NERIDA POSEY

**EXHIBIT A**

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

| | | | |
|---|---|---|---|
| 1. | Sleeplessness | YES | NO |
| 2. | Fear of answering the telephone | YES | NO |
| 3. | Nervousness | YES | NO |
| 4. | Fear of answering the door | YES | NO |
| 5. | Embarrassment when speaking with family or friends | YES | NO |
| 6. | Depressions (sad, anxious, or "empty" moods) | YES | NO |
| 7. | Chest pains | YES | NO |
| 8. | Feelings of hopelessness, pessimism | YES | NO |
| 9. | Feelings of guilt, worthlessness, helplessness | YES | NO |
| 10. | Appetite and/or weight loss or overeating and weight gain | YES | NO |
| 11. | Thoughts of death, suicide or suicide attempts | YES | NO |
| 12. | Restlessness or irritability | YES | NO |
| 13. | Headache, nausea, chronic pain or fatigue | YES | NO |
| 14. | Negative impact on my job | YES | NO |
| 15. | Negative impact on my relationships | YES | NO |

Other physical or emotional symptoms you believe are associated with abusive debt collection activities:____________________

*Pursuant to 28 U.S.C. § 1740(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.*

Dated: 07/15/09

Signed Name

Nerida Posey

Printed Name